| AUSA: | Barrington Wilkins | Telephone: (313) 226-9621 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: ☑ Matthew Roberts | Telephone: (313) 942-6263 |

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

United States of America

   v.

Edward Galka

Case No.   Case: 2:23−mj−30337
Assigned To : Unassigned
Assign. Date : 8/15/2023
USA V. GALKA (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 3, 2021_____ in the county of _____Macomb_____ in the
_____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 1344 | Bank Fraud |

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

_____
*Complainant's signature*

_Matthew Roberts - Special Agent_
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____August 15, 2023_____

City and state: _Detroit, MI_

_____
*Judge's signature*

_Hon. Kimberly G. Altman - United States Magistrate Judge_
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **Matthew Roberts,** being first duly sworn, hereby depose and state as follows:

### I.      INTRODUCTION

1.      I am a Special Agent of the U.S. Department of Labor, Office of Inspector General, Office of Investigations-Labor Racketeering and Fraud (DOL-OIG/ OI-LRF) and have been so employed since January of 2022. Prior to this assignment, I was a Special Agent with the U.S. Fish and Wildlife Service from September of 2019 to January of 2022. I am currently assigned to the Detroit Field Office of DOL-OIG/OI-LRF. In my federal law enforcement career, I have received training in and conducted numerous investigations concerning violations under Title 18 of the United States Criminal Code. I have training from the Federal Law Enforcement Training Center (**FLETC**) in the investigation of criminal activity, fraud crimes, and identity theft.

2.      I make this affidavit based upon personal involvement in the subject criminal investigation, including review of employment and financial records, law enforcement interviews, information obtained from other law enforcement officers and witnesses, and warrants that I have obtained detailing a Pandemic Unemployment Assistance (**PUA**) fraud scheme perpetrated by Galka. This affidavit is submitted merely for the purpose of showing that there is sufficient

probable cause that Edward Galka (XX/XX/1962) has committed wire fraud in violation of 18 U.S.C. § 1343 and bank fraud in violation of 18 U.S.C. § 1344 while perpetrating a scheme to obtain a $100,000 mortgage utilizing false and fraudulent financial documents. This affidavit does not set forth all of my knowledge about this matter.

## II. EXECUTIVE SUMMARY

3.      Edward Galka is a felon who was convicted in 2017 of committing wire fraud, aggravated identity theft, and theft of government money. Galka's conviction stems from his involvement in a scheme aimed at defrauding the State of Michigan (**SOM**) of unemployment insurance (UI) benefits by creating fictitious employers and filing sham claims against them. Galka was incarcerated for his crimes between 2017 through 2020 by the U.S. Bureau of Prisons (**BOP**) before being released on federal supervised release. In February 2022, Galka filed a sham unemployment insurance claim seeking retroactive PUA benefits. Galka filed the claim in his own name, but used false employment documents (IRS Form 1099-MISC and paystubs) from a company called "SIRRUS" to backstop the request. Galka purported to have been employed as a software technician providing in-person technical support to customers in southeast Michigan in 2019 and early 2020 despite the fact that he was actually incarcerated by BOP. Furthermore, the investigation has shown

that "SIRRUS" is not a real company, but rather a variant of a sham company that Galka used in the prior scheme.

4.      Agents conducted search warrants in March 2022 on Galka's email addresses and residence. Agents seized documents and electronics that were believed to be used in the PUA fraud scheme against the SOM. Upon review of the seized evidence, agents uncovered a mortgage fraud scheme perpetrated by Galka against Michigan Schools and Government Credit Union (**MSGCU**), a financial institution physically located in the Eastern District of Michigan and insured by the National Credit Union Administration. Galka submitted false and fraudulent documents including an altered paystub from Roush Industries that inflated Galka's income and a fraudulent W-2 from "SIRRUS" via wire utilizing an online portal used by MSGCU.

5.      As a result of the PUA investigation, Galka was arrested and pled guilty to violating his supervised release violations. Galka has been incarcerated by the BOP since March 2022 on the supervised release violations. Galka made several admissions during his supervised release hearing while under oath and voluntarily addressing the Court with his lawyer present.

### III.    PROBABLE CAUSE

6.      On or about December 3, 2021, Galka applied for a $100,000 mortgage for a property he was planning to build at 71570 Cotsworld Drive, Washington

Township, Michigan 48094. I obtained and reviewed the mortgage application and interviewed a MSGCU Fraud Investigator (FI). Several false, fraudulent, and misleading documents and statements were given on the mortgage application, which was electronically submitted through an online portal utilizing interstate wire transmissions.

a.  Galka falsely listed his social security number as XXX-XX-7857.

b.  Galka falsely listed his income from Roush Industries as $8100 per month, and provided an altered paystub.

c.  Galka falsely listed his previous employer on the application as "SIRRUS," and provided a fictitious W-2.

d.  The purchase agreement listed Jennifer Galka, an individual who does not exist, as a co-purchaser with several electronic signatures purportedly by Jennifer.

7.  On section one of the Uniform Residential Loan Application (the mortgage application), Galka listed his SSN as XXX-XX-7857. Galka's true SSN is XXX-XX-1686. The MSGCU FI reviewed Galka's mortgage application and documents, and noted that two SSNs appeared when MSGCU conducted a credit check for Galka, but there was no indication

Galka was asked to explain why. The mortgage application was electronically signed by Galka on December 3, 2021. While under oath during his supervised release hearing, Galka admitted that XXX-XX-7587 was not his true SSN.

8.      On section 1b of the mortgage application, Galka listed his then-current employer as Roush, but falsely stated his income was $8,100 per month. As supporting documentation, Galka provided an altered paystub from Roush Industries as part of his mortgage application. Galka altered several parts of the paystub including his SSN and address, the pay amount, and the employer address. There were several typos noted in the altered paystub, and there were no deposits for the listed pay amount into Galka's bank accounts. At his supervised release hearing, Galka admitted that he earned $14 per hour from Roush, and in fact only worked one to three days a week, which would not amount to the purported income of $8,100 per month.

9.      On section 1d of the mortgage application, Galka listed his previous employer as "Sirius Corp," with a start date of January 1, 2017, and an end date of March 1, 2020. Galka provided a fictitious W-2 from "SIRRUS CORPORATION" as supporting documentation, which listed a 2020

income of $24,256.85. Agents took several steps to determine if "SIRRUS" or "Sirius" was a real company.

10.     First, SOM UIA reviewed employer records and could find no record of any company named "SIRRUS." Tax Identification Number (TIN) searches of the TIN listed on the fictitious W-2 also did not return any results. SOM advised that they could find no footprint of "SIRRUS" in any of their databases. Similarly, DOL-OIG searches of public records and law enforcement databases failed to report any footprint of "SIRRUS" consistent with that of a legitimate company.

11.     Agents also recognized "SIRRUS" as a variant of a sham company used in Galka's previous schemes. A 2016 DOL-OIG investigation revealed that Galka had created a document on his personal computer on letterhead from "SIRRUS ENTERPRISES" by the purported owner, "James Easton," and referenced an employee named "Cass Jordan." The 2016 investigation revealed that Easton and Jordan were fake identities created by Galka to defraud the states of Michigan and Maryland of UI funds. Galka was convicted of the 2016 fraud scheme.

12.     Galka submitted his purchase agreement with MJC Bradbury LLC as part of his mortgage application documents. Contained therein were signatures of Galka and a fictional person named Jennifer Galka. In multiple

instances, Galka electronically signed for Jennifer Galka. The electronic

signature was identical to his own, reading "E.C. Galka." Galka later filed an

amendment to the purchase agreement with MJC to remove Jennifer Galka

from the agreement, and he signed as "J. Galka." At his supervised release

hearing, Galka admitted that Jennifer was not a real person, and that he made

her up for negotiation purposes.

## IV. CONCLUSION

13.     Based on the foregoing, there is probable cause to believe that Edward

Galka has committed multiple federal crimes, to include wire fraud (18

U.S.C. § 1343) and bank fraud (18 U.S.C. § 1344). These violations stem

from a scheme to obtain a mortgage and defraud MSGCU by means of false

and fraudulent pretenses and representations. This scheme involved the wire

transmission of signs and signals in interstate commerce to submit false and

fraudulent documents and statements to a financial institution for the

purpose of receiving money.

Respectfully submitted,

Matthew Roberts
Special Agent
Department of Labor
Office of Inspector General

Sworn to before me and signed in my
presence and/or by reliable electronic
means.

_____
Hon. Kimberly G. Altman
United States Magistrate Judge


Dated: August 15, 2023