UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

EDWARD C. GALKA,

     Defendant.

Case No. 23-20684
Honorable Laurie J. Michelson

---

**ORDER ON DEFENDANT'S MOTION TO COMPEL THE FEDERAL BUREAU OF PRISONS TO RECALCULATE FIRST STEP ACT CREDITS [86] AND EMERGENCY MOTION FOR A CHANGE OF CUSTODY [87]**

---

Edward Christopher Galka knowingly submitted forged documents falsifying his employment income in an application to obtain a $100K mortgage loan to construct a residential property in Washington Township. (ECF No. 66, PageID.604; ECF No. 71, PageID.646–647.) Galka pled guilty to attempted bank fraud. (ECF No. 71.) On January 31, 2025, former Chief Judge Sean F. Cox sentenced Galka to 37 months' imprisonment. (ECF No. 61.) This was the top of the guidelines range that was calculated based on an intended loss of $100K pursuant to U.S.S.G. § 2B1.1(b)(1). (ECF No. 56, PageID.521 (Sealed).) Galka's conviction and sentence were affirmed by the Sixth Circuit on October 2, 2025. (ECF No. 74.) Galka has since submitted several motions and letters geared toward securing an earlier release from custody. The Court deals with two of them here.

## I.

On January 12, 2026, the Court docketed Galka's motion to compel the Federal Bureau of Prisons (BOP) to recalculate his First Step Act (FSA) credits. (ECF No. 86.) Galka contends that while he was awaiting a prison transfer to FMC Butner in April 2025, he was not earning FSA credits even though he was participating in programming that should have entitled him to such credits. (*Id.*)

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 19-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). "To the extent Defendant believes the BOP has erred in its calculation of the jail-time credit he deserves, the proper mechanism to raise that challenge is a petition under 28 U.S.C. § 2241." *United States v. Jackson*, No. 19-20425, 2025 U.S. Dist. LEXIS 193317, at *3 (E.D. Mich. Sept. 30, 2025); *see also United States v. Board*, 747 F. App'x 405, 408 (6th Cir. 2018) ("Miscalculations of jail-time credits must be challenged under 28 U.S.C. § 2241, not § 2255"); *United States v. Soto*, 10-20635, 2022 U.S. Dist. LEXIS 203391, at *15 (E.D. Mich. Nov. 8, 2022) ("If [defendant] is challenging the BOP's calculation of his time credits, that challenge should be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitions for writ of habeas corpus are the proper vehicle by which to challenge the manner in which a sentence is executed or computed, rather than the validity of the sentence itself."). Such a challenge is to be made "only after the prisoner has exhausted his administrative remedies." *Board*, 747 F. App'x at 408; *see also United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete

exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."). "Furthermore, a § 2241 claim must be brought in the judicial district where the prisoner is confined." (*Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

Thus, Galka's "motion to compel" brought in the sentencing court (i.e., not the judicial district of his confinement), with no discussion, let alone proof, of exhaustion of remedies, is not the proper mechanism for challenging his entitlement to certain FSA credits.

## II.

Galka's motion for a change of custody and/or supplemental information to support compassionate release (ECF No. 87), docketed four days after his "motion to compel," involves a similar theme. Galka was previously convicted in a separate federal proceeding before District Judge Judith E. Levy related to a fraudulent scheme to obtain unemployment-insurance benefits. He violated the conditions of his supervised release and was sentenced to additional prison time and another term of supervised release. *United States v. Galka*, No. 16-20254 (E.D. Mich. 2016), ECF No. 170. After being sentenced in this Court's case, Galka moved to terminate his supervised release in Judge Levy's case on the ground that being on supervised release in two separate cases "serves no purpose" and wastes resources. (*Id.* at ECF No. 184.) Galka filed a separate writ of habeas corpus also challenging his term of supervised release in Judge Levy's case. (*Id.* at ECF No. 187.)

Judge Levy noticed both motions for hearing that has been adjourned several times. (*Id.* at ECF Nos. 191, 192, 193.) According to the instant motion, it appears Galka was transferred, by writ, from FCI Cumberland in Maryland where he was serving his sentence to the Eastern District of Michigan for the hearing on his motions as scheduled by Judge Levy. (ECF No. 87, PageID.741.) Galka believes this writ has prevented him from earning FSA credits that would have already warranted his release and from being transferred to a Residential Reentry Center in Detroit and ultimately to home confinement. (*Id.* at PageID.743.) And because Galka was previously diagnosed with leukemia, he believes this loss of credits due to the writ violates the Americans with Disabilities Act and the Equal Protection Clause. (*Id.*) Thus, Galka asks this Court "to grant his motion to change his custody to home confinement." (*Id.* at PageID.744.)

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Smith*, 655 F. App'x 376, 379 (6th Cir. 2016) (quoting *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011)). Galka did not bring a motion for compassionate release under 18 U.S.C. § 3582 and the Americans with Disabilities Act does not provide for a sentence modification in a criminal case. Indeed, if Galka believes his civil or constitutional rights are being violated, a lawsuit under Section 1983 in the proper court is the proper vehicle to address those claims.

## III.

Galka's motions to compel and for a change of custody do not present viable bases for this Court to modify his sentence. For the reasons stated, the motions (ECF Nos. 86, 87) are DENIED.

IT IS SO ORDERED.

Dated: January 26, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE